**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CERNER MIDDLE EAST LIMITED,<br>2800 Rockcreek Parkway,<br>Kansas City, Missouri 64117,<br><br>Petitioner,<br><br>v.<br><br>iCAPITAL, LLC,<br>C1 Towers, Behind Abu Dhabi Islamic Bank, Al Bateen Street, P.O. Box 37148, Abu Dhabi, U.A.E.<br><br>and<br><br>AHMED SAEED<br>MAHMOUD AL-BADIE AL-DAHARI,<br>P.O. Box 37148, Abu Dhabi, U.A.E.<br><br>Respondents | Civil Action No.: 16-1481 |

**PETITION OF CERNER MIDDLE EAST LIMITED TO**
**CONFIRM INTERNATIONAL ARBITRATION AWARD**

1. This is an action by Petitioner Cerner Middle East Limited ("Cerner"), against Respondents iCapital, LLC ("iCapital") and Ahmed Saeed Mahmoud Al-Badie Al-Dahari ("Dhaheri") for recognition and enforcement of a foreign arbitral award.

**PARTIES, JURISDICTION AND VENUE**

2. Petitioner Cerner is a foreign business entity incorporated and organized under the laws of the Cayman Islands with a principal place of business located at 2800 Rockcreek Parkway, Kansas City, Missouri 64117.

3. Respondent iCapital is a foreign business entity incorporated and organized under the laws of the United Arab Emirates ("U.A.E."). Upon information and belief, iCapital operates

from C1 Towers, Behind Abu Dhabi Islamic Bank, Al Bateen Street, P.O. Box 37148, Abu Dhabi, U.A.E. and maintains a registered address at P.O. Box 37148, Abu Dhabi, U.A.E.

4. Respondent Dhaheri, upon information and belief, is an individual citizen of Abu Dhabi, U.A.E. whose address is P.O. Box 37148, Abu Dhabi, U.A.E.

5. Based upon evidence received via bank discovery, Dhaheri has a bank account under the name Ahmed Saeed Mohamed Al Badi Al Dhaheri at Abu Dhabi International Bank which is based in Washington, D.C. and has locations at 1020 19th Street NW, Suite 500, Washington, D.C. and 1430 K Street NW, Suite 400, Washington, D.C. which confers personal jurisdiction.

6. The DC Account is believed to contain approximately $100,000.

7. This Court also has subject matter jurisdiction pursuant to Chapter 2 of the FAA and 9 U.S.C. §§ 201 and 203 because this is an action to enforce an arbitral award rendered in France and because the United States and France are contracting states to the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "'New York Convention"). The New York Convention is implemented at 9 U.S.C. § 201 *et seq.*

8. Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

9. Cerner and iCapital Sole Establishment ("iCapital S/E")[1] are parties to a US $94 million contract executed on September 27, 2008 (the "Cerner Business Agreement") to develop and implement a medical information technology platform in the U.A.E. A duly certified copy of

[1] In or around the middle of 2012, iCapital S/E reorganized itself from a sole establishment to a limited liability company and became known as iCapital LLC. References to "iCapital" herein shall mean post-reorganized iCapital LLC and references to "iCapital S/E" shall mean pre-reorganized iCapital LLC.

the Cerner Business Agreement is attached hereto as Exhibit A.

10. Pursuant to the CBA, iCapital agreed to pay Cerner on specifically defined dates for services rendered thereunder.

11. iCapital S/E promptly defaulted on its payment obligations under the CBA.

12. Cerner continued to fully perform its obligations under the CBA and attempted to resolve the payment disputes.

13. After a series of continued unfulfilled promises by iCapital S/E to pay outstanding amounts nearing US $50 million pursuant to the CBA, Cerner filed a Request for Arbitration with the ICC in September of 2012 ("First Arbitration"), against iCapital S/E, iCapital, and its owner and alter ego, Dhaheri.[2]

14. In December 2012, prior to the filing of an Answer to Cerner's Request for Arbitration, the parties entered into a settlement agreement that addressed both overdue payments and the future payments that were to be made to Cerner in connection with the CBA.

15. The settlement between the parties was memorialized in a Settlement and Payment Agreement dated December 29, 2012 ("SPA"), by and between Cerner, iCapital, and Belbadi Enterprises LLC ("Belbadi"). A duly certified copy of the SPA is attached hereto as Exhibit B.

16. The SPA states, *inter alia*, that:

a. "the principal amount owed to Cerner and past due through October 31, 2012 . . . under the CBA for past performance by Cerner of its obligations thereunder equals . . . (AED 118,722,088.00)" ("Overdue Amount");

b. "the Parties desire to enter into this [SPA], setting forth the schedule and form of payments to be made to Cerner for the Overdue Amount, which amount has never been paid or contested;"

c. "the Parties desire to finally and forever quantify the value of Cerner's performance – which performance is fully and irrevocably acknowledged by iCapital – under the

[2] At this time, iCapital S/E had already reorganized itself from a sole establishment to iCapital LLC. Accordingly, both iCapital S/E and iCapital LLC were named as respondents in the First Arbitration.

CBA . . . .;"

d. "[the Parties] have agreed that iCapital shall pay the Overdue Amount according to a modified payment plan more fully set forth in Schedule A (*Payment Schedule*) . . . .; and

e. The Payment Schedule has been "accepted by Cerner only in reliance upon [, *inter alia*] . . . the issuance of post-dated checks in connection with the Overdue Amount by iCapital (executed by an authorized signatory(ies) of iCapital as acceptable to Cerner) . . . ." SPA at 1-2.

17. The SPA states further that "[i]n the event any payment owed pursuant to [the SPA] is not honored when presented for payment in accordance with Schedule A (*Payment Schedule*) or does not otherwise post in Cerner's account as clearing in accordance herewith, the full amount of that payment and all remaining payments under [the SPA], in addition to [the accrued interest in the amount of AED 28,684,772.00 as of October 31, 2012 ("Accrued Overdue Interest")] shall be accelerated and shall become immediately due and payable in full."

18. On the same day as the parties executed the SPA, Cerner and iCapital executed Amendment No. 5 to the Cerner Business Agreement ("Fifth Amendment")[3] setting out the amounts due and those which were to become due from iCapital. A duly certified copy of the Fifth Amendment is attached hereto as Exhibit C.

19. Ultimately, although not timely, funds in the amount of the first two post-dated checks were provided to Cerner by iCapital. The third post-dated check did not clear.

20. Although Cerner provided a series of extensions, iCapital ultimately failed to make full payment on the third installment prior to the date that triggered the acceleration clause of the SPA.

[3] Cerner notes that there were a number of other amendments to the Cerner Business Agreement which are not relevant for the purposes of this Petition and therefore have not been attached as exhibits.

**THE FOREIGN ARBITRATION AWARD**

21. Section 3.1 of the Fifth Amendment, amending section 9.3 of the CBA ("Section 3.1"), contains a written agreement to arbitrate ("Arbitration Agreement").

22. Article 15 of the SPA also provides that "[t]he arbitration provision set forth in Amendment 5 to the CBA shall be applicable to this Agreement."

23. Pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, T.I.A.S. No. 6997, 21 U.S.T. 2517, 1970 WL 104417 (the "New York Convention"), as implemented in Chapter 2 of the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. § 201 *et seq*., each contracting state must recognize foreign arbitral awards as binding and enforce them in accordance with local procedural law.

24. The Arbitration Agreement is valid, has not been revoked, and is enforceable upon such grounds as exist at law or in equity.

25. The Arbitration Agreement constitutes a written agreement, that provides for arbitration in France, a territory of a signatory of the New York Convention, the subject matter of which is commercial. The CBA, containing the Arbitration Agreement, evidences a transaction involving international commerce.

26. Because of iCapital's breach of its payment obligations under both the SPA and Fifth Amendment, Cerner filed a second Request for Arbitration on August 23, 2013 against iCapital and Dhaheri ("Second Arbitration").

27. On or around August 30, 2013, iCapital and Dhaheri were notified by the Secretariat of the Request for Arbitration.

28. Pursuant to ICC Rules ("Rules"), the Secretariat subsequently wrote to the parties on November 15, 2013, notifying them that (i) the Second Arbitration would proceed against

iCapital and Dhaheri; (ii) Paris, France was fixed as the place of arbitration, (iii) Cerner was requested to pay US $175,000 as an advance on costs associated with the Second Arbitration, and (iv) the Respondents were requested to pay US $325,000 as an advance on costs associated with the Second Arbitration.

29. On January 24, 2014, again pursuant to ICC Rules, the Secretariat informed the parties that the following three arbitrators were appointed to arbitrate the Second Arbitration ("Tribunal"):

a. Mr. Andrew de Lotbinière McDougall, co-arbitrator;

b. Dr. Omar Isam Al-Taher, co-arbitrator; and

c. Dr. Nael G. Bunni, President.

30. The Second Arbitration was held on November 17-18, 2014 in Paris, France ("Arbitration Hearing").

31. At the Arbitration Hearing, only Cerner appeared and presented its case, and there was no appearance made by or on behalf of iCapital or Dhaheri.

32. A final arbitration award was entered in favor of Cerner on July 16, 2015 ("Award"). A duly certified copy of the Award is attached hereto as Exhibit D.

33. As part of the Award, the Tribunal made findings that:

a. "[iCapital] was previously structured as a U.A.E. sole establishment which was 100% owned by [Dhaheri];"

b. "As sole proprietor of [iCapital], [Dhaheri] was personally liable for the debts and obligations of [iCapital];" and

c. "The restructuring of [iCapital] from iCapital S/E to iCapital LLC did not erase or extinguish the personal liability that [Dhaheri] had to the Claimant for debts incurred by [iCapital]." Award at ¶ 10.2.25.

34. As part of its Award, the Tribunal made further findings that "[i]t [was] clear from

the evidence presented . . . that the restructuring of iCapital S/E took place without notice to [Cerner] contrary to the terms of Sub-section 9.16 of the CBA." Award at ¶ 10.2.26.

35. As part of its Award, the Tribunal made additional findings that it was "satisfied that the evidence presented by [Cerner] in respect of the involvement of [Dhaheri] in the affairs of iCapital, proves that at all material times, [Dhaheri] has been the alter ego of iCapital such that jurisdiction over, and the potential liability of iCapital, is indistinguishable from jurisdiction over, and the potential liability of [Dhaheri]." Award at ¶ 10.2.54.

36. As part of its Award, the Tribunal ordered that iCapital and Dhaheri were jointly and severally obligated to pay Cerner the following amounts:

a. The unpaid Overdue Amount of AED 59,971,607.83 (US $16,327,914.34); Award at ¶¶ 10.4.33 & 12.2.1;

b. The unpaid Accrued Overdue Interest of AED 28,684,772.00, and after July 31, 2015, the date of the Award, interest at the rate of 9% per annum until payment is made in respect the unpaid Accrued Interest on the Overdue Amount which to present is AED 31,266,401.58 (US $8,512,613.63); Award at ¶¶ 10.5.16 & 12.2.3;

c. The unpaid Deferred and Future Amount of AED 95,115,289.00 (US $25,896,158.97); Award at ¶¶ 10.6.12 & 12.2.2;

d. The unpaid Post-Settlement Interest up to December 9, 2014, the date on which Cerner filed its Post-Hearing Submission, of AED 16,510,978.78 (US $4,495,291.30); Award at ¶¶ 10.7.10 & 12.2.4;

e. The unpaid Post-Settlement Interest from December 9, 2014 up to March 31, 2015, the date of calculation, of AED 4,282,947.20 (US $1,166,078.43), and thereafter at a rate of 9% per annum, equal to AED 38,240.60 until payment is made in respect of the unpaid Post-Settlement Interest which to present is AED 18,279,006.80 (US $4,976,655.92); Award at ¶¶ 10.7.10 & 12.2.5;

f. Attorneys' fees and expenses and simple interest at the rate of 9% per annum on that amount from the date of the Award until payment is made in respect of the Attorneys' fees and expenses which to present is AED 2,184,509.60 (US $594,756.20); Award at ¶¶ 12.4.1., 12.4.3; and

g. A reimbursement in the amount of US $661,000.00 in respect of the ICC deposit provisionally paid by Cerner in that amount, and simple interest at the rate of 9% per

annum on that amount from the date of the Award until payment is made in respect of the Attorneys' fees and expenses which to present is AED 2,646,323.52 (US $720,490); Award at ¶¶ 12.4.2, 12.4.3.

37. As of the date of this Petition, iCapital and Dhaheri are jointly and severally obligated to pay Cerner the cumulative amount of $62,689,958.79 USD or AED 230,257,064.31 pursuant to the Award. Upon information and belief, Respondent Dhaheri has an account at Abu Dhabi International Bank which is located in Washington, D.C. Upon information and belief, Cerner is not aware of any liability insurance which it knows or has reason to believe will be able to satisfy the obligations of iCapital and/or Dhaheri under the Award.

38. Upon information and belief, Respondent Dhaheri's businesses are financially mismanaged and are experiencing significant cash flow shortages and has had numerous legal actions brought against it as a result.

39. Upon information and belief, Respondent Dhaheri has made efforts to transfer or move assets beyond the reach of the Petitioner.

40. The Award is not subject to any modification or appeal before the Tribunal and is final and enforceable.

41. This Petition is timely pursuant to 9 U.S.C. § 207 because it is filed within three (3) years of the issuance of the Final Award.

42. No grounds exist for this Court to refuse confirmation and recognition of the Final Award.

## COUNT I
**Recognition of the Award Pursuant to 9 U.S.C., § 201, *et. seq.***
**(Against iCapital and Dhaheri)**

43. Cerner realleges and incorporates by reference herein paragraphs 1 through 42, above.

44. The New York Convention obligates each contracting state to recognize foreign arbitral awards as binding and enforce them in accordance with local procedural law.

45. The provisions of the New York Convention have been codified and implemented in Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq*.

46. The Fifth Amendment (amending section 9.3 of the CBA) and Article 15 of the SPA constitute written agreements to arbitrate.

47. The Fifth Amendment (amending section 9.3 of the CBA) and Article 15 of the SPA provide for arbitration in France.

48. Both the United States and France are signatories to the New York Convention.

49. The subject matter of the CBA and SPA is commercial in nature.

50. The scope of the CBA and SPA implicate rights and obligations that arise outside the territorial jurisdiction of the United States.

51. As of the date of this Petition, iCapital and Dhaheri are jointly and severally obligated to pay Cerner the cumulative amount of $62,689,958.79 USD pursuant to the Award.

52. As of the date of this Petition, iCapital and Dhaheri have not satisfied their joint and several obligation under the Award in any part.

53. As a result of the failure of iCapital and Dhaheri to satisfy the Award, Cerner has suffered, and continues to suffer, damages.

54. Pursuant to 9 U.S.C. § 207, Cerner is entitled to the entry of an order recognizing and enforcing the Award as a judgment of this Court and awarding Cerner such other and further relief as the Court deems just and proper.

WHEREFORE, Petitioner, Cerner Middle East Limited, respectfully requests that this Court:

a. Enter judgment for Cerner on Count I of this Petition;

b. Enter an order recognizing and enforcing the Award as a judgment of this Court;

c. Award Cerner pre- and post-judgment interest, costs and attorneys' fees;

d. Order such other relief as this Court deems just and appropriate.

Respectfully submitted,

CERNER MIDDLE EAST LIMITED,

By its attorneys,

/s/ Philip T. Evans

Philip T. Evans (DC Bar No. 441735)
Julia R. Milewski (DC Bar No. 1008678)
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, D.C. 20006
(202) 457-7043
philip.evans@hklaw.com
julia.milewski@hklaw.com

Warren E. Gluck (*pro hac vice* motion pending)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3494
Fax: (212) 385-9010
warren.gluck@hklaw.com

Dated: July 20, 2016

**VERIFICATION**

I, Anis Zerriny, on oath depose and say that I am in house counsel at Cerner Middle East Limited, and, in that capacity, I am familiar with the facts of this case and aver that the factual allegations asserted in this Petition are true and accurate based upon my personal knowledge, except where stated on information and belief, and there I believe the allegations to be true.

______________________________
Anis Zerriny